Ruffin, C. J.
 

 According to the rule, as finally established in
 
 Pickering
 
 v. Stamford, 2 Ves. Jr. 272, 581, and 3 Ves. 332, 493, the plaintiff would be entitled to a decree in England. It is there settled, and, as far as we see, properly settled, that a testamentary provision in lieu of thirds of the testator’s real and personal estate, does not exclude the widow from a share of the surplus undisposed of, or that turns out not to have been effectually disposed of, but that she shall have the same share thereof, as if the husband had died intestate. But that rule does not prevail in this State. The court has not dissented from the rule; as one arising out of the general equitable doctrine of election, applied to persons claiming under the statute of distributions. But the legislature, in the acts of 1784 and 1791, have enacted a different rule of election. It is unnecessary to go through their provisions in detail, because it has already bedn distinctly and repeatedly held, that they clearly import, that any testamentary provision for a wife in either real or personal property excludes her from any other share of her husband’s estate of either kind, unless she dissent from the will in the manner and within the period pointed out by the statute, and thereby elect to take according to her legal rights, independent of the will. In
 
 Craven
 
 v.
 
 Craven, 2
 
 Dev. Eq. 338, it was so held in respect of dower, where the provision in the will was entirely of personalty. In
 
 Redmond
 
 v.
 
 Coffin, 2
 
 Dev. Eq. 437, the widow took both land and chattels under the will, in which there Was a disposition of certain slaves of the residue of the estate, which was illegal and ineffectual; and it was held, as to them, that there was a resulting trust for the next of kin, excluding the widow. In
 
 Ford
 
 v.
 
 Whidbee,
 
 1 Dev. & Bat. Eq. 16, there was a gift to the wife of certain personalty, and also a piece of land for
 
 *138
 
 two years, and then a further gift of 1000 dollars in lieu of dower; and there Were also legacies to two (out of six) of the .testator’s children, expressed to be in satisfaction of all their p0rtjons 0f the testator’s estate, and there was a residue of personalty not disposed of. We decided, that the two children, notwithstanding the words of exclusion, were entitled, equally with the other four, to the surplus, inasmuch as the law gave it to them, unless the testator gave it to some one else. But, at the same time, we held, .that, notwithstanding the will only mentioned that the wife’s dower was satisfied thereby, she could not claim any part of the residue, because the statute shut her out,- unless she would dissent. These adjudications are conclusive, the more especially as they are sanctioned by a just inference from the subsequent action of the legislature. In the next session after the decision of
 
 Ford
 
 v. Whidbee, it was enacted, that whenever a testator shall leave a residue of personal estate undisposed of in his will, and shall leave a widow, she shall be entitled to the same share of the residue, as if the husband had died without leaving a will. This act, 1835, ch. 10, purports to change the law in respect to the personal estate,, and to that only. Consequently it leaves the rule enacted in the previous statutes of ’84 and ’91, in full force as to dower,, and the adjudications thereon unquestioned. But the recent act has no operation in this ease, as the testator died in 1822.
 

 Per Curiam, Decree affirmed' with costs.