Ruffin, C. J.
 

 One of the points raised in this case is, whether Mrs. Harper’s and Mrs. Jarman’s grand-children, whose parents were dead, take any part of the gifts to those two families. The gifts being to “children,” the general rule is, that, when there are persons who answer that description, grand-children cannot take under it. The subsequent use of the term “families,” in the gift to Isaac Ward’s children, cannot affect the application of the rule ; for it refers to the preceding part of the clause in which it is seen, that Mrs. Harper’s “family,” consisted of her “children,” and Mrs-. Jarman’s consisted of herself and her “children.”
 

 Another point is made as to the amount of the share or part of the share given to the nephew', Spight The will says he is “to be equal with the two Koonce children in said residue.” The legatee is to have a share of the property, if it can be reasonably ascertained ; and in ascertaining it, words are not to be rejected except upon necessity, either because they are unmeaning or repug
 
 *423
 
 nant to other plain provisions of the 'will. Every word is to be retained and a sensible meaning put on it, if possible, so as to effectuate the apparent intent; and, if it be necessary to the sense, words and even sentences may be transposed. Those are settled principles of construction, reasonable in themselves and of obvious utility ; and, when applied to this will, they seem to point out its just interpretation.
 

 It is said, that as there were in fact three of the Koonces instead of two, the word “two” is to be struck out, so as to make the will read, that Spight is “to be equal with the Koonce children.” That being done, then, it is contended, on the one hand, that Spight is to be equal with the Koonce children in the share of the residue previously bestowed on them,” or, on the other, that Spight is to have a distinct share in the residue equal to that of the Koonces. With respect to the first position, it is to be remarked, that if such had been the testator’s meaning, he would have expressed it at once in the simple, but comprehensive, terms, “my sister Winifred’s children-” Besides, the provision with respect to Spight is that he shall be equal to the Koonces, not in their share of the residue, but “in said residue,” that is, in the whole residue. This would esi tablish the second of the above positions to be the true meaning, and Spight would have as much of the residue as all three of the Koonces together. But that, for other reasons, is as inadmissible as the former construction. For, the effect of either would be not only to strike “two” out of the will altogether, but also to leave a part of the residue undisposed of, contrary to the words and the clear general intention of the testator. For, the testator, by the direction as to the equal division of his property, gives to Mrs. Harper’s children one share of it, to Mrs. Jarman and her children another, to the Koonce children another, and half a share to the two children of Isaac Ward; and, then, according to the hypothesis above,
 
 *424
 
 he gave to Spight either a share of the Koonce share or a distinct and full share of the whole. Take it either way, and the result is, that there would be an intestacy as to a part; for in the one case, there would be given away three shares and a half, the whole into four equal parts to be divided ; and in the other, four and a half, the whole into five equal parts to be divided. Those incongruities prove to our apprehension, that the meaning does not require nor admit “two” to be struck out of the will, though it cannot stand where it does, because there it is repugnant and absurd. It follows, that by transposition it must be applied to other persons, so as to make the whole provision consistent and sensible. That is done, we think, by reading the will
 
 “the
 
 two Ward children,” instead of
 
 “the
 
 two Koonce children.” Isaac Ward had in fact two children, who are mentioned just before in the same clause not only as his brother’s children, but are described by the names and number. By giving that application to “two,” the whole residue pass' es by the clause ; for Mrs. Harper’s, Mrs. Jarman’s, and the Koonce families get one share each, “the two Ward children” get half a share, and Miles W. Spight gets the remaining half a share, and is thus made equal to the Wards. The question in reality is, whether “two” is to be erased or transposed. Neither is allowable, if all the words can retain their present position and be sensible. But one or the other must of necessity be done in this case ; and between them the alternative is to be preferred, which reconciles the different dispositions and effectuates the apparent intention.
 

 Per Curiam.
 

 Declared accordingly.