## S. W. CARROLL v. VICTOR MANUFACTURING COMPANY.

(Filed 17 November, 1920.)

**1. Wills—Estates—Devise—Fee—Power of Sale—Remainders.**

A devise to a son in fee of two tracts of land, with power of sale and limitation, "but if he die without heirs possessing the land, or either tract," to the heirs of another of his sons, taken in connection with the will in this case construed as a whole: *Held*, a devise of the land with the power to convey a fee-simple title during the devisee's life, which, in the event of his not conveying either or both tracts, would carry the limitation over, as directed in the will, and the expression "without heirs possessing the land" referred to the ownership of the title of the first taker at the time of his death.

**2. Same—Children—Equal Division—Synonymous Terms.**

In construing the several devises in a will to ascertain whether or not it was the intent of the testator to divide his lands equally among his children, and to give to each the right to convey a fee, otherwise with limitation over: *Held*, under the will in this case, the terms, "if she died without heirs of her body, and owning the land," then over, and "to a son in fee if he die without heirs possessing the lands," etc., then over does not indicate that the testator intended a different meaning by a difference in phraseology, and the terms are synonymous.

APPEAL by plaintiff from *Allen, J.,* at April Term, 1920, of CUMBER-LAND.

This was originally a petition for partition, begun before the clerk of Superior Court of Cumberland County, and upon the plea of *sole seizin* transferred to the Superior Court in term time. The matter was heard upon a case agreed as appears in the record, the pertinent facts being: James Carroll, Sr., who owned the land in dispute, devised the same to his son, James A. Carroll, "in fee," with the following limitation: "But if he die without heirs possessing these lands or either tract, with remainder to the heirs of J. W. Carroll." In the first item of the will, he gives certain property to his daughter, under the same condition, but using a different phraseology, to wit: "But in the event of her death without heirs of her body, I devise said lands, if she owns same at her death, to the heirs of my son, J. W. Carroll," etc. During his lifetime James A. Carroll, the devisee, sold and conveyed both tracts

of land, and defendants claim under his grantee by *mesne* conveyances. The devisee died intestate, without issue, and not in possession of the land, and the plaintiff, who is one of the heirs at law of J. W. Carroll, and has purchased the interest of the other heirs in the land which passed by the will now asserts that he owns the same. The court rendered judgment for defendant, and the plaintiff appealed.

*A. M. Moore for plaintiff.*
*Oates & Herring and Rose & Rose for defendant.*

WALKER, J., after stating the case: The will in question is the one considered at this term in *Carroll v. Herring, post,* 369, but our opinion was withheld, at the request of counsel for plaintiff in this appeal, so that we might have additional argument before deciding the question raised. We complied with the request, and after considering the briefs of counsel supplemented by an able, learned and most ingenious argument of counsel for the plaintiff, to which we listened with great interest, and also after hearing counsel of defendant in reply, we discover no reason for reversing our former opinion, and the judgment based upon it. It is very plain to us that James Carroll, Sr., intended that his will, with respect to this particular clause, should be considered and read as follows: "I devise the two tracts of land (describing them) to my son, James A. Carroll, in fee; but if he die possessing the two tracts, or either of them, and without heirs, with remainder to the heirs of J. W. Carroll." Counsel for plaintiff contended that the expression, "if he die without heirs possessing the land," means without heirs "to possess" the land, that is, if he die without heirs "capable of possessing" the land. But this construction is wholly inadmissible. All heirs are supposed to be capable of inheriting from their ancestor, and the word "heirs" implies as much. The "heirs of a person" are those who can, or will, inherit his property from him if he die intestate. It is so defined in the dictionaries. So that we cannot adopt the contention of counsel. Such a construction would not only change the language of the will, by interpolating words not to be found therein, but it completely alters the sense or meaning of it, and, therefore, it would be an unnatural and unreasonable interpretation of it. Counsel then fell back upon their second line of attack, and referred to the first item of the will (quoted in our statement of the case), and argued that it showed clearly what was meant by the item now under consideration. In the first item the testator devised land to his daughter in fee, and if she died without heirs of her body, and owning the land, then over. They, therefore, contended that the difference in phraseology indicated that the testator intended a difference in meaning. But we do not think so, and the two items, when read together, plainly show that the testator

intended to devise the land in fee to his children, with the right of disposal by them, but if they failed to dispose of it, then the land should go over as provided by him. He did not wish to handicap them, as his devisees, and the primary objects of his bounty, by giving them practically the bare possession and use of the land during their lives without the power of disposition, which is the most valuable right incident to a fee-simple estate. The provision "if she dies owning the same," and "if he dies without heirs possessing the lands, or either tract," were intended to be synonymous, the word "possessing" referring to the devisee, James A. Carroll. But there are words in that clause of the will which settle this question, and they are "possessing these tracts of land, *or either of them,*" which manifestly mean that James A. Carroll should have the power of disposal of both tracts or either of them. If he disposed of only one, the other should go over, but not the one he had sold, and it follows, of course, that if he disposed of both, there should be no remainder. This view was not met by counsel in argument, because it could not be. It was the testator's intention that the words "possessing the land" should refer to his son, J. A. Carroll, and not to the heirs, so that it would read, "if he should die without heirs and owning the land," the remainder should pass to J. W. Carroll.

In construing a will we must look at the text and context, *Campbell v. Crater,* 95 N. C., 156, and if it is ungrammatical, or not punctuated, it should be read so as to make it consistent and sensible, *Hoyle v. Whitener,* 67 N. C., 252, and words of similar import or meaning should be construed alike, *Lockhart v. Lockhart,* 56 N. C., 205-206, and as the chief object is to ascertain the intention of the testator, words may be supplied, abstracted, and the grammatical arrangement disregarded, and clauses transposed in order to do so. *Taylor v. Johnson,* 63 N. C., 381; *Baker v. Pender,* 50 N. C., 352; *Ward v. Sutton,* 40 N. C., 421; *Turner v. Whitted,* 9 N. C., 613; *Dew v. Barnes,* 54 N. C., 149; *Howerton v. Henderson,* 88 N. C., 597; *Lowe v. Carter,* 55 N. C., 377; *Williams v. McComb,* 38 N. C., 450-453. We should construe the will by its context, where necessary, in order to arrive at the testator's intention, which must prevail, when it can fairly be found within the four corners of the instrument and the language he employed to express it, and provided it is not in contravention of any rule of construction or any principle of the law. *Edens v. Williams,* 7 N. C., 27; *Williams v. Lane,* 4 N. C., 246; *Clement v. Collins,* 2 Term (Eng.), 498-503.

We may compare one clause with another, so that "every string must give its sound" without any discord, but in perfect harmony with the whole.

The Court adheres to its first opinion of the case, and approves the judgment.

Affirmed.