## J. T. PILLEY v. J. D. SULLIVAN.

(Filed 23 November, 1921.)

**1. Wills—Restraint on Alienation—Public Policy—Void Clauses.**

A devise of land to testator's daughter and her husband for life, then to their daughter, who takes a defeasible fee upon contingency that she die leaving heirs, with provision that the devisees shall not sell or convey the "said land or any part thereof to any individual or incorporated company," and for a division among the testator's children should the daughter die without leaving heirs, is void as an attempted restraint on alienation and in contravention of public policy.

PILLEY *v.* SULLIVAN.

**2. Wills—Interpretation—Intent—Repugnancy—Words—Clauses.**

The entire will should be construed to give effect to the testator's intent, reconciling clauses apparently repugnant, and effectuating whenever possible every clause and word.

**3. Same—"Or"—Words and Phrases.**

Where the disjunctive meaning of the word "or," used in a will, is contrary to the testator's intent under a proper construction of the instrument, it will be construed as "and" when such appears to have been the testator's intention; and where there is a contingent limitation of an estate over should the beneficiary "die without heirs or intestate," this construction of the word "or" will apply when the testator evidently intended the limitation over to take effect upon the happening of both events, and not one of them.

**4. Wills—Restraint on Alienation—Next of Kin—Explanatory Clauses.**

A devise of lands for life and then in remainder, and upon the contingency that the lands be divided between the testator's children, should the remainderman die without heirs and intestate, and after attempting to impose a restraint upon alienation the testator adds "but the same shall descend to her next of kin," these words will be interpreted as indicating the testator's reason for the attempted restraint, and not so much as directing the course of descent.

**5. Wills—Estates—Tenants for Life—Limitations—Contingencies—Heirs —Remaindermen.**

A devise of land to the testator's daughter and her husband for life, remainder to their daughter, "and if either or both of them should die intestate without heirs," then to be equally divided between all of the testator's children: *Held,* the meaning of the words "either or both" could not reasonably apply to the life tenants, whose interest would in either event terminate at their death, vesting the remainder in their child specifically mentioned in the will.

**6. Wills — Estates — Limitations— Contingencies— Defeasible Fee—Fee Simple.**

An estate for life to testator's daughter and her husband, with remainder to their daughter, but in the event either or both should die without heirs or intestate, then it shall be equally divided among all of the testator's children, share and share alike: *Held,* the word "heirs" should be construed as "children," and the grandchild of the testator took a remainder in fee, defeasible in the event of her dying intestate and without children, and not an absolute fee-simple estate.

APPEAL from a judgment of *Horton, J.,* at the October Term, 1921, of BEAUFORT.

Submission of controversy without action.

The statement of the agreed facts is as follows:

"1. That J. T. Pilley was duly appointed as commissioner in a special proceeding in the Superior Court of Beaufort County, entitled, 'J. T. Pilley and wife, Mattie E. Pilley, and Kathleen Lamm, by next friend,

J. T. Pilley and Sidney Lamm, her husband, *ex parte,*' and as such commissioner, duly authorized and empowered to convey to J. B. Sullivan the tract of land known as the A. S. Pilley land, containing 100 acres, more or less. The said proceeding being regular and sufficient to authorize conveyance of said land.

"2. That the said land was devised by Alfred S. Pilley by his will, dated August, 1913, and recorded in Beaufort County, in Book of Wills No. 4, at page 36, the material parts of which said will are as follows:

" 'Third item. I give and devise to my daughter, Harriet Chauncey, twenty-five acres of land to be devided off from the west end of my home tract.

" 'Fourth. I give and devise unto my son, John T. Pilley, and his wife, Mattie E. Pilley, a life estate in all my lands and tenements, with such privileges as may be necessary for their convenience and comfort during their natural lives, except the twenty-five acres above devised to my daughter, Harriet Chauncey.

" 'Fifth. I give and devise to my granddaughter, Kathleen Pilley, the above mentioned land whereon I live after the death of her father and mother, John T. and Mattie E. Pilley, all except the 25 acres above devised to my daughter Harriet.

" 'It is my will and desire, and it is hereby stipulated that the devisees of my land herein named shall not sell or convey the said land, or any part thereof, to any individual or incorporative company, but the same shall descend by inheritance to their next of kin, and if either or both should die without heirs or intestate, then it shall be equally divided among all my children's heirs, share and share alike.'

"3. It is agreed that said John T. Pilley and wife, Mattie E. Pilley, are now living, and Kathleen Pilley has married one Sidney Lamm and now has one living child.

"4. That the special proceeding authorizing sale of said land required and directed that the proceeds therefrom should be invested in land in Greenville, N. C., the title of which should be held under the same terms and conditions as set out in said will; that the agreed consideration to be paid for the conveyance of said land by J. B. Sullivan was $1,000.

"5. That in the event that the court shall be of the opinion that the said John T. Pilley and wife, Mattie E. Pilley, and the said Kathleen (Pilley) Lamm took a fee-simple estate under the provisions of said will, then the plaintiff is entitled to recover of the defendant the agreed consideration of the said conveyance of $1,000 upon the delivery to the defendant of the deed making the conveyance of said land; but that if under the said will the estate of said parties is less than fee simple, it be subject to be defeated by conditions therein stated, then the plaintiff shall not recover anything; that cost shall be taxed against the losing party."

His Honor rendered judgment directing. the plaintiff to deliver and the defendant to accept a deed to the land described.· The defendant excepted, and appealed.

*Harry McMullan for plaintiff.*
*A. W. Bailey for defendant.*

ADAMS, J. The contention of the parties presents for determination the quantity of the estate embraced in items four and five of the last will and testament of Alfred S. Pilley. The clause which purports to ingraft upon the devise an unlimited restraint on alienation is not only repugnant to the estate devised, but is in contravention of public policy, and therefore void. *Latimer v. Waddell,* 119 N. C., 370; *Wool v. Fleetwood,* 136 N. C., 461; *Christmas v. Winston,* 152 N. C., 48; *Lee v. Oates,* 171 N. C., 717.

Lord Coke is credited with the observation that "wills and the construction of them do more perplex a man than any other learning; and to make a certain construction of them, this *excedit jurisprudentum artem."* Nevertheless, the courts have established canons of construction, which· are designed as guides to the discovery of the testator's intent, for the primary purpose in construing a will is to ascertain and give effect to the intention of the maker. Accordingly, ·the entire will should be considered; clauses apparently repugnant should be reconciled; and effect given wherever possible to every clause and to every word. One of the arbitrary canons of construction sometimes requires that the word "or" be construed as meaning "and." 28 R. C. L., 204 *et seq.; Satterwaite v. Wilkinson,* 173 N. C., 38; *Ham ·v. Ham,* 168 N. C., 487. In *Dickenson v. Jordan,* 5 N. C., 380, the testator devised certain land to his grandson in fee, with the limitation that if he died before he arrived at lawful age or without leaving issue, the land should go to his other grandson in fee. *Judge Taylor* said: "According to a literal construction of the will, the occurrence of either event would vest the estate in John Spier; but it is evident that such was not the testator's intention, and this intention ought always to be effectuated when it does not contravene the rules of law. He could not have intended ·that the issue of William Spier Stewart should be deprived of the estate, if their father died under age; for that would operate to take all from those who appear to have been the principal objects of his bounty; yet such would be the effect of a literal interpretation of his will. His intention seems to have been that the fee should remain absolute in William S. Stewart on the happening of either event, either his leaving issue or attaining to lawful age; or, in other words, that both contingencies, to wit, his dying under age, and without leaving issue, should happen before the

estate vested in John Spier. To give effect to this intention, it is necessary to construe the disjunctive *or* copulatively; and there are various clear and direct authorities which place the power of the Court to do this beyond all doubt." *Ham v. Ham, supra,* and cases cited. An application of this principle requires that the word "or" be read "and," in the expression "without heirs or intestate."

The testator evidently did not intend that the limitation over should take effect in case Kathleen, although leaving heirs, should die intestate. It is equally manifest that the words "heirs" in the expression referred to should be construed as meaning children. *Francks v. Whitakers,* 116 N. C., 518; *May v. Lewis,* 132 N. C., 115. The clause "but the same shall descend to their next of kin" should be interpreted not so much as directing the course of descent as indicating the testator's reason for the attempted restraint on alienation. The words "either or both," in the clause "if either or both should die without heirs or intestate," cannot be construed as applying to John T. Pilley and Mattie E. Pilley for the reason that they are only tenants for life, and upon the termination of their life estate, whether they die testate or intestate, the remainder will vest in the granddaughter, Kathleen Pilley. In this connection it will be noted that the limitation over is to "all my children's heirs, share and share alike." In point of legal interpretation the substance of the devise in items four and five is this: "I give and devise unto my son, John T. Pilley, and his wife, Mattie E. Pilley, an estate in all my lands and tenements, with such privileges as may be necessary for their convenience and comfort, during their natural lives, except the twenty-five acres devised to my daughter, Harriet Chauncey; and after their death I give and devise said land to my granddaughter, Kathleen Pilley, and if she should die intestate and without children, then said land shall be divided among all my children's heirs, share and share alike." The testator gave to John Pilley and his wife a life estate with remainder in fee to Kathleen Pilley, defeasible in the event of her dying intestate and without children. The plaintiff, therefore, cannot convey an absolute fee to the defendant.

For the reasons given the judgment is

Reversed.