ELLA SPEAR HAMPTON v. J. T. WEST.

(Filed 3 November, 1937.)

1. **Wills § 31—**

   A will must be construed as a whole from its four corners to give effect to the intent of the testator as expressed in the language used.

2. **Same—**

   The rule that a general devise will be construed to be in fee, C. S., 4162, applies only when the language employed by testator fails to show a clear intent to convey an estate of less dignity.

3. **Same—**

   While ordinarily a general devise with power of disposition vests the fee in the first taker, the rule does not apply where the power of disposition, as to part of the estate at least, is limited to disposition by will, with provision for the vesting of the estate undisposed of by will in named beneficiaries.

4. **Wills § 33a—General devise held not to convey fee simple in view of subsequent items of will showing intent to convey estate of less dignity.**

   A general devise to testator's wife with subsequent items providing that one-half the estate "remaining" at her death should go to his adopted son in fee, and the other half, in the event the wife did not dispose of the residue of the estate by will, to go to the children of L., *is held* to show an intent to convey an estate of less dignity than a fee simple to testator's wife, rebutting the presumption that the general devise to the wife should be construed to be in fee, C. S., 4162, the power of disposition of part of the estate, at least, being limited to disposition by will, and the widow does not have the power to convey the entire estate by deed in fee simple.

SCHENCK, J., dissenting.

BARNHILL, J., concurs in dissenting opinion.

APPEAL from *Williams, J.,* at April Term, 1937, of CURRITUCK.

This was a controversy without action. Plaintiff contracted to sell and defendant to buy certain real estate in Currituck County. The plaintiff tendered deed therefor and defendant refused to accept same and pay the agreed price on the ground that plaintiff is unable to convey a fee simple title to the real estate involved.

It is admitted that the land, the title to which is in controversy, passed under the will of H. D. Spear, the late husband of the plaintiff, and that the determination of the questions at issue depends upon the construction of said will which was probated 4 June, 1927.

The pertinent portions of the will are as follows:

"3rd. All the remainder and residue of my estate of every sort, kind and description, whether real, personal or mixed, and wherever situate, I give, devise and bequeath to my beloved wife Ella Spear.

"4th. Upon the death of my wife I further direct that one-half of my estate bond money real or personal then remaining as a part of my estate shall be given to Charlie Spear in fee simple.

"5th. Upon the death of my wife I further direct that in the event that she should not leave a will disposing of the residue of my estate, I give, devise and bequeath to Mrs. Matthew Lagasse children then living and to be equally divided."

*Harry J. Berg and John H. Hall for plaintiff, appellee.*
*Chester R. Morris for defendant, appellant.*

DEVIN, J. Construing the will of H. D. Spear as a whole, and looking at it from its four corners, in the effort to give effect to his intent as expressed in the language used (*Heyer v. Bulluck,* 210 N. C., 321), it would seem that the testator did not intend that his widow should have a fee simple estate in all his land, for he sets forth two provisions for its disposition after her death. If he had stopped with a general and indefinite devise of his estate to his wife, as stated in the third item, by the force of the statute, C. S., 4162, undoubtedly it would have been construed a devise in fee simple. If in the fourth item he had merely added to the indefinite devise that after her death the land remaining (presumably meaning undisposed of) be given to another, and said no more, the rule laid down in *Hambright v. Carroll,* 204 N. C., 496, 168 S. E., 817, and *Carroll v. Herring,* 180 N. C., 369, 104 S. E., 892, would have controlled. It was said in *Patrick v. Morehead,* 85 N. C., 62, quoting the language of *Chancellor Kent* in *Jackson v. Robbins,* 16 Johnson, 537: "A devise of an estate generally or indefinitely, with a power of disposition over, carries the fee." However, the fourth item provides for the devolution of only one-half of his estate "remaining"

after the death of the testator's wife. If the language used in the fourth item be construed to imply an unrestricted power of disposition of an one-half interest in the land the devolution of the other half interest in the land is set out in the fifth item.

In the fifth clause the power is restricted and limited to disposition by will. The testator there inserts a further and additional direction with respect to the other half of his estate, and uses this language: "Upon the death of my wife I further direct that in the event that she should not leave a will disposing of the residue of my estate, I give, devise and bequeath to Mrs. Matthew Legasse children."

The title we are called upon to decide did not pass by a will executed under the power conferred, but the widow, having married again, proposes to execute a deed to the defendant West, conveying the entire interest in the land in fee simple, disregarding the fifth clause entirely.

In *Hambright v. Carroll,* 204 N. C., 496, 168 S. E., 817, land was devised to be "divided equally between my children (naming them) and my granddaughter, Louise Hambright. The share Louise Hambright will receive I want my executor to hold in trust and give her the proceeds; . . . but should she die without children, then what remains of her share becomes a part of my estate." The ground upon which the devise to Louise Hambright was held a fee appears from the following quotation from the opinion. "To his three children the testator gave a fee or absolute title; the plaintiff was to have an equal share— share equal in quantity with the others. The phrase 'what remains of her share' carries the connotation that nothing may remain; and this implies an unrestricted power of disposition."

In *Carroll v. Herring,* 180 N. C., 369, 104 S. E., 892, the devise was of two tracts of land to "James A. Carroll in fee, but if he die, without heirs, possessing the lands or either tract, with remainder to the heirs of J. W. Carroll." There the decision was predicated upon a similar view. Not only was the devise to the first taker in fee, but the limitation over was in case he die "possessing the lands," indicating full power of disposition in James A. Carroll.

But the situation here is distinguishable. It is out of the facts that the law arises. The devise was not in fee to the first taker. The application of C. S., 4162, is negatived by the remaining clauses of the will. The language of the will, in effect, that one-half of his estate remaining after the death of his wife be given in fee simple to Charlie Spear, his adopted son, and that the other half, if undisposed of by the widow by will, be given to the Legasse children, indicates the definite intention of the testator that his widow should not have power to convey the entire estate by deed in fee simple.

The requirement of C. S., 4162, that a devise to any person shall be construed to be in fee simple, is qualified by the remaining portion of

the section, "Unless such devise shall in plain and express words show, or it shall be plainly intended by the will or some part thereof that the testator intended to convey an estate of less dignity."

Taking the will in question by its four corners and giving effect to every part thereof, including the fourth and fifth items, it seems to have been plainly intended by the testator that an estate of less dignity than a fee simple be conveyed. In *Rees v. Williams,* 165 N. C., 201, 81 S. E., 206, the devise was: "1. My house and lot . . . I leave to my daughter Jennie Lee. 2. In case my daughter Jennie Lee shall die without issue surviving her, then I desire said property to return to my eldest daughter." It was held that the intention not to give an estate in fee simple plainly appeared.

In *Roberts v. Saunders,* 192 N. C., 191, 134 S. E., 451, the devise in the first paragraph was in these words: "I give to my beloved wife, Martha Roberts, all my estate, real and personal." In the third paragraph the testator used this language: "All the rest of my property I give to my wife as above stated, during her widowhood; if she should marry, she would be entitled to a dower on the estate in form according to the laws of North Carolina." It was held the controlling intention of the testator was not to convey a fee simple. To the same effect is the holding in *Foil v. Newsome,* 138 N. C., 115, 50 S. E., 597; *Shuford v. Brady,* 169 N. C., 224, 85 S. E., 303; *Pilley v. Sullivan,* 182 N. C., 493, 109 S. E., 359; *Jolley v. Humphries,* 204 N. C., 672, 169 S. E., 417; *Alexander v. Alexander,* 210 N. C., 281; *Barco v. Owens, ante,* 30.

We conclude that the plaintiff cannot convey a fee simple title to the entire interest in the land as contracted, and that the defendant may not be required to accept the deed tendered therefor. The ruling of the court below must be held for error.

Judgment reversed.

SCHENCK, J., dissenting: I find myself unable to agree with the opinion of the Court.

The pertinent portion of the will presented for construction reads:

"1st. I desire that all of my just debts and funeral expenses be paid as soon after my death as may be convenient.

"2nd. I give, devise and bequeath to Mrs. Matthew Lagasse one dollar as she has been provided for in cash.

"3rd. All the remainder and residue of my estate of every sort, kind and description, whether real, personal or mixed, and wherever situate, I give, devise and bequeath to my beloved wife Ella Spear.

"4th. Upon the death of my wife I further direct that one-half of my estate bond money real or personal then remaining as a part of my estate shall be given to Charlie Spear in fee simple.

"5th. Upon the death of my wife I further direct that in the event that she should not leave a will disposing of the residue of my estate, I give, devise and bequeath to Mrs. Matthew Legasse children then living and to be equally divided."

Nothing else appearing, Ella Spear (now Hampton) took a fee simple title to the lands of which her late husband, H. D. Spear, died seized, by virtue of the 3rd item of his will.  C. S., 4162.

The words in the 4th item of the will, "Upon the death of my wife I further direct that one-half of my estate  . . .  then remaining as part of my estate shall be given to Charlie Spear in fee simple," carry the connotation that nothing may remain, and this implies an unrestricted power of disposition.  *Hambright v. Carroll,* 204 N. C., 496. So the fee is carried "when an estate is devised generally with a power of disposition or appointment, or with a gift over to another of such part as may not be disposed of by 'the first taker." *Hambright v. Carroll, supra; Patrick v. Morehead,* 85 N. C., 62. "Where real estate is given absolutely to one person, with a gift over to another of such portion as may remain undisposed of by the first taker at his death, the gift over is void, as repugnant to the absolute property first given; and it is also established law that where an estate is given to a person generally or indefinitely, with a power of disposition, or to him, his heirs and assigns forever, it carries a fee, and any limitation over or qualifying expression of less import is void for repugnancy.  The only exception to such a rule is where the testator gives to the first taker an estate for life only by certain and express terms, and annexes to it the power of disposition.  In that particular and special case the devisee for life will not take an estate in fee, notwithstanding the naked gift of a power of disposition." *Hambright v. Carroll, supra,* quoting from *Carroll v. Herring,* 180 N. C., 369.

The words "residue of my estate" used in the 5th paragraph of the will refer to the residue of the estate after one-half of the remaining portion thereof at the death of the testator's wife has been taken by Charlie Spear as provided in the 4th paragraph of the will, and not to the residue of the estate at the death of the testator.  In other words, the words "residue of my estate" mean the residue of the estate remaining at the death of the testator's wife, after one-half thereof has been taken by Charlie Spear.  Thus, the language of this section likewise implies that nothing may be left at the death of the first taker and supports the interpretation that the wife had an unrestricted power of disposition.

I think this controversy is governed by the authorities cited, and the judgment of the Superior Court should be affirmed.

I am authorized to state that MR. JUSTICE BARNHILL concurs in this dissent.