ROSA WHITLEY BELL AND HUSBAND, PAUL V. BELL, AND EULA WHIT-
LEY CULPEPPER, v. MRS. MOLLIE WHITLEY THURSTON AND
PAUL D. WHITLEY.

(Filed 12 October, 1938.)

1. **Wills § 31—**

   In construing a will, the testator's intent, as gathered from the entire
   instrument, should be given effect, and every part and clause considered
   and harmonized, provided the result is not inconsistent with the general
   intent.

2. **Same—When will is not ambiguous, no evidence outside the instrument
   is competent on the question of intent.**

   When the language of testator is not ambiguous, no evidence outside
   the instrument is competent in determining its intent, and the fact that
   the instrument contains misspelling, improper capitalization and punctua-
   tion and grammatical errors does not take it out of the rule when the
   testator's intent clearly appears therefrom.

3. **Same—**

   When a word is used in one part of the will in a certain sense, the same
   meaning will be given the word in construing other parts of the instru-
   ment.

4. **Wills §§ 33a, 38—Clause held to refer to personalty only, and was not
   residuary clause devising land not specifically devised.**

   By one item testator devised certain of his lands to his wife for life
   with remainder in his nieces. By subsequent item he devised to her in
   fee certain other realty, and then all his personalty followed by the
   words: "All of this i give to her; with all house hole and ketchen furni-
   ture and all stock on the farms and money that i have on hand. All this
   to Mollie Whitley to do as she please; Everything I one at my death my
   wife is to take hole of my estate." He then appointed his wife his
   executrix. *Held:* The clause "Everything I one at my death my wife is
   to take hole of my estate" is not a residuary clause devising the wife real
   estate not specifically devised, it being clear that the word "hole" should
   be construed as "hold," and refers to the wife taking hold of the estate as
   executrix, since the dispositive words used in other parts of the will were
   "give" and "devise," and the word "hole" was used and misspelled in the
   phrase "house hole and ketchen furniture," and testator died intestate as
   to real estate not specifically devised.

5. **Dower § 6—**

   When a widow fails to dissent from the will of her husband in the
   manner and within the period allowed by the statute, testamentary pro-
   vision for her in real property excludes her from dower, nothing else
   appearing.

BARNHILL, J., took no part in the consideration or decision of this case.

APPEAL by defendant, Mrs. Mollie Whitley Thurston, from *Bone, J.,*
at February Term, 1938, of NASH.

Civil action for determining adverse claims to real estate under C. S.,
1743.

The action was heard by consent at February Term, 1938, of Nash Superior Court.

Willie J. R. Whitley died during the month of June, 1922, leaving his widow, Mollie E. Whitley, now the defendant, Mollie Whitley Thurston, and the plaintiffs, Rosa Whitley Bell and Eula Whitley Culpepper, and defendant Paul D. Whitley, children of C. H. Whitley, a deceased brother, as his only heirs at law. At his death the said Willie J. R. Whitley was seized and possessed of two tracts of land: (1) An 86.5-acre tract acquired by him in 1902 in the division of the lands of his father, Henry R. Whitley, deceased; and (2) a 43.8-acre tract acquired by him in the division of the lands of his sister, Mollie Whitley Landing, who acquired same in the division of the lands of their father in 1902. The said Willie J. R. Whitley left a last will and testament, which reads in part as follows:

"THIRD: I give and devise to my wife, Mollie E. Whitley home track of land, her life time and after her death to C. H. Whitley tow girls, Roser and Eula and their heirs.

"FOURTH: I give to my wife 3 lots in Rocky Mount, Edgecombe County and half interest in the land we bout together, to my wife all my personal property. All of this i give to her; with all house hole and ketchen furniture and all stock on the farms and money that i have on hand. All this to Mollie Whitley to do as she please; Everything I one at my death my wife is to take hole of my estate.

"I hereby constitute and appoint my trusty friend wife my lawful executor to all intents and purposes to execute this my last will and testament, according to the true intent and meaning of the same, will."

Pertinent portions of the judgment below are as follows:

"It appears to the court that three questions are raised by the pleadings: (1) Whether the 'Home Track of land' devised in Item Third of the will of Willie J. R. Whitley included the 43.8-acre tract of land above mentioned, (2) whether the phrase 'Everything I one at my death my wife is to take hole of my estate' constituted a residuary clause which would pass undevised realty, and (3) whether the defendant Mollie Whitley Thurston, as widow of Willie J. R. Whitley, would be entitled to dower in the undevised realty, if any; the attorneys for the plaintiffs at the outset stated that in the event the court held that the clause mentioned was not a residuary clause and would not pass undevised realty, and in the further event the court held that the defendant Mollie Whitley Thurston was not entitled to dower in the undevised realty, then in those events plaintiffs would concede the contentions of the defendants that the 43.8-acre tract did not constitute a part of the 'Home Track of land'; thereupon the court, on motion of attorneys for the plaintiffs, heard arguments upon the effect of the clause, 'Everything I one at my death my wife is to take hole of my estate'; no evidence .

*dehors* the will was offered by either plaintiffs or defendants upon this question, but as to other matters the court finds the following facts:

"That Mollie Whitley Thurston has received and accepted real and personal property under the will of Willie J. R. Whitley and has not dissented from said will; that the statutory period for dissenting to said will has expired and no dissent may now be made:

"It is therefore ordered, adjudged, and decreed as follows:

"1. That the last clause in Item Fourth of the will of Willie J. R. Whitley, which reads, 'Everything I one at my death my wife is to take hole of my estate' constitutes a cumulative expression of the property devised and bequeathed by Item Fourth of said will. It is restricted in its operation to the property contained in Item Fourth and does not constitute a residuary clause which would operate upon any property, real or personal, not otherwise devised or bequeathed by the provision of said will.

"2. That the 43.8-acre tract of land in dispute, of which Willie J. R. Whitley died seized and possessed and which he acquired in the special proceeding entitled, 'C. H. Whitley v. Willie J. R. Whitley,' recorded in Book of Orders and Decrees No. 15, page 337, *et seq.*, does not constitute a part of the 'Home Track' of land and was not devised by Item Third of the Will of Willie J. R. Whitley, deceased.

"3. That the 43.8-acre tract of land above mentioned constitutes realty of which Willie J. R. Whitley died seized and possessed and not devised by his will.

"4. That the defendant, Mrs. Mollie Whitley Thurston, widow of Willie J. R. Whitley, has failed to dissent from the will of her husband within the statutory period and is not entitled to dower interest in the aforesaid 43.8-acre tract of land as undevised realty.

"5. That the 43.8-acre tract of land as undevised realty of Willie J. R. Whitley, deceased, descends by operation of law to his heirs at law as tenants in common in fee simple as follows: Paul D. Whitley, Eula Whitley Culpepper and Rosa Whitley Bell, and it is hereby adjudged that said parties are seized of said 43-acre tract of land as tenants in common in fee simple and are entitled to the immediate possession of the same, and that the defendant, Mrs. Mollie Whitley Thurston, has no interest or estate in said tract of land."

From judgment as signed, defendant, Mrs. Mollie Whitley Thurston, appealed to the Supreme Court and assigns error.

*Adams & Spruill for plaintiffs, appellees.*
*Wilkinson & King for defendant, appellant.*

WINBORNE, J.    The determinative questions are: (1) Does the clause "Everything I one at my death my wife is to take hole of my estate" in the Fourth Item of the will of Willie J. R. Whitley constitute a residu-

ary clause which would operate to pass land not specifically devised? (2) Is Mollie Whitley Thurston, widow of Willie J. R. Whitley, entitled to dower in any undevised realty of which her husband died.seized?

Each question is answered "No."

(1) "The rule is to construe a will so as to give effect to every part and clause thereof, and to harmonize the several clauses, provided the effect is not inconsistent with the general intent and purpose of the testator, as gathered from the entire will." *Stacy, C. J.,* in *Richardson v. Cheek,* 212 N. C., 510, 193 S. E., 705; *Herring v. Williams,* 153 N. C., 231, 69 S. E., 140; *Goode v. Hearne,* 180 N. C., 475, 105 S. E., 5; *Reid v. Neal,* 182 N. C., 192, 108 S. E., 769; *Haywood v. Rigsbee,* 207 N. C., 684, 178 S. E., 102; *Heyer v. Bulluck,* 210 N. C., 321, 186 S. E., 356; *Barco v. Owens,* 212 N. C., 30, 192 S. E., 862; *Hampton v. West,* 212 N. C., 315, 193 S. E., 290.

There appears no such uncertainty in the meaning of the language used as to permit us to go beyond "the four corners" of the will for aid in arriving at the intention of the testator. Nor does the fact that it appears that some of the words are misspelled and others not properly capitalized, some of the sentences are grammatically incorrect, there is improper punctuation, and the will was not written by one learned in the law, take the case out of the rule that we would ascertain the intention by reference to the language used. *Freeman v. Freeman,* 141 N. C., 97, 53 S. E., 620.

"When it becomes necessary to do so in order to effectuate the testator's intention as ascertained from the context of the will, the court may disregard clerical mistakes in writing, improper use of capital letters, paragraphing, abbreviation of words, punctuation, misspelling, and grammatical inaccuracies, especially where the will is written by an unlearned or illiterate person . . ." 69 C. J., sec. 1143; *Tayloe v. Johnson,* 63 N. C., 381; *Carroll v. Mfg. Co.,* 180 N. C., 366, 104 S. E., 895.

In *Taylor v. Taylor,* 174 N. C., 537, 94 S. E., 7, *Allen, J.,* said: "If words are used in one part of the will in a certain sense, the same meaning is to be given to them when repeated in other parts of the will, unless a contrary intent appears."

Bearing these principles in mind, let us see the provisions of the will: Manifestly, the writer of the will was unlearned. It is clear that the word "one" is the misspelling of the word "own." Disregarding punctuation, the clause "Everything I own at my death," as counsel for appellee aptly state, "appears as the culminating expression of the testator in a series of expressions regarding personal property." These expressions are significant of the testator's intention to give to his wife all personal property which he owned at his death.

It is noted that the word "hole" in "take hole" is previously used and misspelled in the phrase "with all house hole and ketchen furniture

. . ." Giving to it the same meaning, it is patent that the testator intended the clause to read "My wife is to take *hold* of my estate." For there immediately follows the sentence appointing his wife as executrix. As executrix she could take hold of the estate.

It is contended, however, that the clause should read, "My wife is to take *whole* of my estate." In this connection it is appropriate to note that the testator used the verb "I give" in making all specific devises and bequests. We find these expressions: "I give and devise to my wife;" "I give to my wife;" "All of this I give." Having used the words "I give" so often, it is not reasonable to conclude that the testator would have changed to "take whole" if he intended that she should take anything other than that which he had given to her thereinbefore. If the clause should be construed to read "My wife is to' take the whole of my estate" an inconsistency is created. In Item Three the testator gives to his wife only a life estate in the home tract, with remainder to Rosa and Eula. If the wife is to take the whole of his estate, repugnancy exists and then the estate given to Rosa and Eula would be wiped out.

In *Williams v. Best,* 195 N. C., 324, 142 S. E., 2, the Court said: "If possible, apparent repugnancies must be reconciled, for, as suggested in *Dalton v. Scales,* 37 N. C., 521, it is not to be admitted, unless the conclusion is irresistible, that the testator had two inconsistent intents." *Richardson v. Cheek, supra.*

2. Unless the widow dissents from the will of her husband in the manner and within the period allowed by statute, C. S., 4096, *et seq.,* and thereby elects to take according to her legal rights, testamentary provision for her in real property excludes her from dower, nothing else appearing. *Brown v. Brown,* 27 N. C., 136.

The judgment below is

Affirmed.

BARNHILL, J., took no part in the consideration or decision of this case.