DILLON, Judge.
 

 *185
 
 This matter involves a family dispute over a beach property in Dare County (the "Property"). Defendant Dorothy C. Davis owns a life estate in the Property. The remainder interest is held by nominal Defendant MKR Development, LLC (the "LLC"), a limited liability company owned by and benefitting three of Mrs. Davis's children-Kaye Davis and Plaintiffs Melvin L. Davis, Jr., ("Mel") and J. Rex Davis ("Rex"). Plaintiffs commenced this suit to enjoin Mrs. Davis from renting the Property during her lifetime to vacationers, contending that certain language in the deed conveying Mrs. Davis her life estate interest (the "Deed") restricts her from renting out the Property.
 

 This matter was designated a mandatory complex business case by Chief Justice of our Supreme Court Mark D. Martin and assigned to
 
 *186
 
 Judge Gregory P. McGuire, a Special Superior Court Judge for Complex Business Cases.
 

 The parties filed cross motions for summary judgment. Judge McGuire granted Mrs. Davis summary judgment, holding that the restrictive language in the Deed-to the extent that it could be construed to restrict Mrs. Davis's ability to rent the Property-was void. We affirm Judge McGuire's order.
 

 I. Background
 
 [1]
 

 Sometime in the 1980s, Mrs. Davis and her husband ("Mr. Davis") purchased the Property. In order to help pay for Property expenses, Mr. and Mrs. Davis occasionally rented the Property to vacationers through a real estate agency.
 

 In 2009, Mr. and Mrs. Davis decided to transfer a remainder interest in the Property to three of their children (including Plaintiffs). Accordingly, Mr. and Mrs. Davis executed the Deed and conveyed a remainder interest in the Property to the LLC, reserving for themselves (Mr. and Mrs. Davis) a life estate.
 
 [2]
 

 In July 2012, Mr. Davis died, leaving Mrs. Davis as the Property's sole life tenant. Less than two weeks later, Plaintiffs prepared a letter advising their mother that the Deed required that the Property "remain available for [her] personal use and [could] not be used to provide income to [her]."
 

 Notwithstanding this letter, Mrs. Davis entered into an agreement with a real estate agency in 2013 to rent the Property to vacationers, just as she and her husband had done in years past.
 

 In July 2013, Plaintiffs filed this declaratory judgment action to enjoin their mother from renting the Property without the express permission of the LLC.
 

 In May 2015, both parties filed summary judgment motions. Judge McGuire granted
 
 *716
 
 Mrs. Davis's summary judgment motion. Plaintiffs timely appealed.
 
 *187
 
 II. Analysis
 

 On appeal, Plaintiffs argue that the Deed contains a restriction which prevents their mother from renting out the Property during her life tenancy. Specifically, they point to the following language in the Deed:
 

 The Grantors [Mr. and Mrs. Davis] hereby reserve unto themselves, a life estate in the Property, said life estate to be personal to the use of the Grantors, or the survivor thereof, and may not be utilized by any other person, nor may it be reduced to a cash value for the benefit of the Grantors, or the survivor thereof, but must remain always during the lifetime of said Grantors, or the survivor thereof, available for their individual and personal use without interference from either the remaindermen or any other person.
 

 We disagree. We hold that the Deed language creates an unreasonable restraint on the alienation of Mrs. Davis's life estate and is therefore void. Accordingly, we affirm Judge McGuire's summary judgment order.
 

 Restraints on alienation are generally disfavored in North Carolina due to the "necessity of maintaining a society controlled primarily by its living members and the desirability of facilitating the utilization of wealth."
 
 Smith v. Mitchell
 
 ,
 
 301 N.C. 58
 
 , 62,
 
 269 S.E.2d 608
 
 , 611 (1980). Nevertheless, it is fundamentally important that a property owner "should be able to convey [property] subject to whatever condition he or she may desire to impose on the conveyance."
 

 Id.
 

 To balance these competing policy interests, our Supreme Court has held that any
 
 unlimited
 
 restraint on alienation "is
 
 per se
 
 invalid."
 

 Id.
 

 However, restrictions which "provide only that someone's estate may be forfeited or be terminated if he alienates, or that provides damages must be paid if he alienates, may be upheld
 
 if reasonable
 
 ."
 

 Id.
 

 (emphasis added). That is, our courts will generally uphold any reasonable restraints on alienation except unlimited restraints, which are
 
 per se
 
 unreasonable.
 

 Our Supreme Court has applied this restraints doctrine to life estates.
 
 Lee v. Oates
 
 ,
 
 171 N.C. 717
 
 , 721,
 
 88 S.E. 889
 
 , 891 (1916). ("[T]his Court has for many years consistently held that the doctrine as to restraints of alienation applies as well to estates for life as to estates in fee simple[.]").
 
 See also
 

 Crockett v. First Fed. Sav. & Loan Assoc. of Charlotte
 
 ,
 
 289 N.C. 620
 
 , 624,
 
 224 S.E.2d 580
 
 , 583 (1976) (reaffirming caselaw that applies restraints doctrine to life estates);
 

 *188
 

 Pilley v. Sullivan
 
 ,
 
 182 N.C. 493
 
 , 496,
 
 109 S.E. 359
 
 , 360 (1921) ("The clause which purports to ingraft upon the devise an unlimited restraint on alienation is not only repugnant to the [life] estate devised, but is in contravention of public policy, and therefore void.");
 
 Wool v. Fleetwood
 
 ,
 
 136 N.C. 460
 
 , 465-66,
 
 48 S.E. 785
 
 , 787 (1904) (voiding a will provision prohibiting the life tenant from selling the life estate).
 

 In the present case, Plaintiffs concede that the Deed creates an unlimited restraint on Mrs. Davis's ability to alienate her life estate. Indeed, as noted in the summary judgment order, "[P]laintiffs contend that not only is [Mrs. Davis] prohibited from selling the life estate, she cannot rent or even permit others to use the Property." To justify this position, Plaintiffs aver that the caselaw prohibiting unlimited restraints does not apply as Mrs. Davis is
 
 both
 
 the grantor who created the restraint
 
 and
 
 the life tenant who is subject to the restraint. Plaintiffs contend that
 
 Lee
 
 is distinguishable as the restraint at issue attached to a conveyance between a grantor and a life tenant, whereas here, Mrs. Davis reserved a life estate for
 
 herself
 
 and therefore
 
 voluntarily
 
 restricted that interest.
 

 We hold that whether the life estate was created by conveyance by a third party or by reservation by the life tenant herself is irrelevant. An unlimited restraint is
 
 against public policy
 
 ; it makes no difference if the restraint is self-imposed. Plaintiffs have failed to cite precedent, either from North Carolina or from another jurisdiction, that would recognize this distinction. Indeed, the adverse party in
 
 Lee
 
 argued that the conveyance restraint should nonetheless be upheld as the life tenant
 
 herself
 
 signed the deed, "thereby agree[ing] ... not to alien her estate[.]"
 
 Lee
 
 ,
 
 171 N.C. at 724
 
 ,
 
 88 S.E. at 892
 
 . Our Supreme Court, however, rejected this
 
 *717
 
 argument, holding that an otherwise invalid restraint on alienation is not validated merely because the life tenant assented to the restraint by signing the instrument: "[To conclude otherwise] would enforce a restriction by estoppel[,] which the law declares void. The covenant was a 'dead letter' when it was entered into, and we do not think it can be vitalized in this way."
 

 Id.
 

 Based on our Supreme Court's reasoning in
 
 Lee
 
 , we conclude that the restraint on Mrs. Davis's ability to rent her Property is
 
 per se
 
 void even though Mrs. Davis was also the person who created the restraint. We therefore affirm Judge McGuire's order granting summary judgment to Mrs. Davis.
 

 AFFIRMED.
 

 Judges BRYANT and STEPHENS concur.
 

 [1]
 

 Judge McGuire's order contains a more comprehensive factual background and can be found at
 
 Davis v. Davis
 
 , No. 13 CVS 388,
 
 2015 WL 6180969
 
 (N.C. Super. Oct. 21, 2015).
 

 [2]
 

 Mr. and Mrs. Davis's other child Tommy had no role in LLC. In lieu of granting Tommy a position or interest in LLC, Mr. and Mrs. Davis instead paid off a debt secured by Tommy's home.