A. L. SHUFORD v. C. D. BRADY.

(Filed 19 May, 1915.)

**1. Wills—Interpretation—Life Estates—Remainders.**

A will should be so construed as to effectuate the intention of the testator; and where a devise of lands is made in fee and thereafter it appears by construction of a later portion of the will that the testator only intended to devise a life estate with limitations over, that interpretation which accords with the testator's intent will be given to the instrument.

### 2. Same—Contingent Remainders—Defeasible Estates.

A devise of lands to a minor child, with a certain contingent limitation over in case of his death before majority, and, further, that should the devisee live and marry and have children, at his death the property shall go to his eldest living child; but should he die leaving no children, then to his wife; and it appears that the devisee has become of full age, has been married for ten years without children, it is *Held*, the limitation over to the wife constitutes a remainder in fee, defeasible upon the birth of children from the marriage; and the law presuming that children may be born of a marriage relation as long as it exists, an agreement of record "that there is no probability that any will be born" will be disregarded.

### 3. Wills—Contingent Remainders—Estoppel.

Under a devise of land to a son of the testator for life, then to his wife, with further contingent limitation over to the children of their marriage, upon the birth of such child or children they take directly under the will, and cannot be estopped by the deed of their parents.

APPEAL by plaintiff from *Harding, J.,* at February Term, 1915, of CATAWBA.

Controversy without action. Judgment was rendered for the defendant, and the plaintiff appealed.

*Council & Yount for plaintiff.*
*No counsel for defendant.*

BROWN, J. The following are substantially the facts set out in the case agreed:

The plaintiff contracted to sell and convey to the defendant a house and lot in the town of Conover, and tendered the defendant a deed therefor properly executed, but the defendant declined to accept the same, contending that the plaintiff could not convey a good and indefeasible title to the property. The plaintiff derives his title to the property through the will of one John Q. Seats, and this controversy hinges upon the construction of that will and arose out of the investigation of the title to this lot of land.

The material parts of the said will are as follows:

"Now, first, I give my son, Alexander Hamilton, all real estate that I may have at the time of my death, except what is otherwise directed in this my last will, and direct my executor in the following manner: All money that may be due my estate will go to pay my debts, but should that not be enough, take of the rents, as I direct my executor to rent all property that will make anything, to pay the debts. After the debts are all paid, my executor or guardian for my child, Alexander Hamilton, shall continue to rent all the property that I leave to my son, A. Hamilton, and will use the same for keeping up the property, such as painting, roofing, etc. This is to be done until my son is of proper age to take charge of the property I leave him.

15—169

"Now, further, this is my will, should it be so that my son die before he is twenty-one (21) years old, and leaving no wife or child, then this real estate shall go to Alice Lee Burkett and her heirs; but should Alice Lee Burkett not be living at that time, this real property shall go to my wife, Fannie E., and she may dispose of it as she pleases at her death.

"But further, as regards my son, should he live and marry and have children, at his death this real property shall go to his oldest child living. But should my son die leaving no children, but a wife, she shall come in full possession of this real property, and shall do with it as she pleases at her death."

It is further stated: "That Alexander Hamilton Seats is now 37 years of age and has been married for about ten years, but no children have been born to them, and the probability is that there will be none, and Mrs. Fannie Allen, formerly Mrs. Fannie Seats, is again a widow, and Alice Lee Burkett is an unmarried adult woman, and all of said parties are still living, and on 6 October, 1905, all of said parties joined in the execution of a warranty deed for the land devised under the last will and testament of the said John Q. Seats to Henry Wagner and Raymond Miller, which said deed is a link in the plaintiff's chain of title, and the land in controversy is a portion of the land devised by the last will and testament of the said John Q. Seats and a portion of the land conveyed by the devisees in the deed above referred to."

His Honor was of the opinion that upon the facts agreed the plaintiff could not convey a good and indefeasible title to the property described in the pleading, and rendered judgment against the plaintiff for the costs. In this judgment we concur.

It is true that in the first paragraph of his will the testator uses language which would confer upon his son Alexander a fee-simple estate to the property devised, but it is well settled that the intent of the testator is the object to be sought in construing a will, and this intent must be gathered from a consideration and examination of the entire instrument. *McCallum v. McCallum*, 167 N. C., 310.

This cardinal principle in the construction of wills, so as to effectuate the plainly expressed intention of the testator, has been largely extended to the construction of deeds, as well. *Triplett v. Williams*, 149 N. C., 394.

In the consideration of this deed, the interests of Alice Lee Burkett and the widow of the testator, Fannie E. Seats, have been eliminated by the fact that the son, Alexander, did not die before attaining the age of 21 years old, leaving no wife nor child.

The deed which has been tendered in this case would undoubtedly operate as a grant of whatever interest the grantors in the deed have, and it would operate as an estoppel upon all those claiming directly under them.

But there is a provision in this will which reads as follows: "But, further, as regards my son, should he live and marry and have children, at his death this real property shall go to his oldest child living. But should my son die, leaving no children, but a wife, she shall come into full possession of this real property, and do with it as she pleases at her death."

It is manifest that the testator did not intend, by the language in the first paragraph of his will, to give his son, Alexander, a fee-simple estate in the property devised, although the words used, standing alone, are sufficient for that purpose. By the later paragraph of the will the testator has limited the interest of his son to an estate for life. The limitation over to the son's wife, who is now living, constitutes a remainder in fee, defeasible upon the birth of children from the marriage.

It is true, according to the facts agreed, that no children have been born to the couple, and it is stated that there is no probability that any will be born. This is a prophecy which the law values but little. The law presumes that children may be born to a married couple as long as that relation continues to exist, it matters not how old either or both may be. In case children are born, then the estate is devised to the oldest child living at the time of Alexander Seats' death. Upon such contingency happening, the contingent remainder in fee to the wife would not vest. *Hauser v. Craft,* 134 N. C., 320; *Whitfield v. Garris,* 134 N. C., 25.

It is thus made plain that the oldest child of Alexander Seats and his wife will not take through them as heir at law, but will take, if at all, as a devisee of the testator, John Q. Seats. Therefore, the deed executed by Alexander Seats and his wife would not estop such child, if born, from asserting title to the land after its father's death.

The cases cited by the learned counsel for the plaintiff, *Cheek v. Walker,* 138 N. C., 160, and *Sessoms v. Sessoms,* 144 N. C., 121, are quite different from the language used in the instrument construed in the case under consideration, and are not authority for the contention that Alexander Seats acquired a fee simple under the terms of his father's will.

Upon the whole record, we are of opinion that the plaintiff cannot make a good and indefeasible title to the property contracted to be sold to the defendant.

The judgment of the Superior Court is

Affirmed.