CHESTER H. PRINCE AND WIFE, MARJORIE C. PRINCE, v. J. R. BARNES AND WIFE, SADIE M. BARNES.

(Filed 29 November, 1944.)

**1. Parent and Child § 1—**

The law presumes that children may be born to a married couple, as long as that relation continues to exist, it matters not how old either or both may be.

**2. Estates § 9a: Wills § 33c—**

Where there is a devise to one for life and then to his children, such devisee takes only a life estate, and his deed will not estop the remaindermen. Upon the birth of children the fee vests in such children.

APPEAL by plaintiffs from *Bone, J.,* at October Term, 1944, of WAYNE.

This was a controversy without action (G. S., 1-250 *et seq.*) wherein judgment was rendered for the defendants and plaintiffs appealed.

*John R. Hood for plaintiffs, appellants.*
*George E. Hood for defendants, appellees.*

SCHENCK, J. The plaintiffs contracted to sell and convey to the defendants that certain lot of land described as follows: "Beginning at a cedar post on the south side of the public road, the northeast corner of Lot No. 5 and runs thence with said road S. 54 E. 646 feet to an iron stake, corner of Lot No. 2, second tract, then with No. 2, S. 34½ W. 1850 feet to an iron stake in the Edwards line; then with Edwards' line No. 83 W. 720 feet to the corner of No. 5 tract; then with No. 5, 34½ E. 2195 feet to the beginning, containing 30 acres," being Lot No. 6 in the division of the lands of the late E. C. Prince recorded in Divisions and Dowers Book No. 3, page 141, in the office of the clerk of Wayne County, and tendered the defendants a deed therefor properly executed, but the defendants declined to accept the same contending that the plaintiffs could not convey a good and indefeasible title to the property. The plaintiffs derive their title to the property through the will of the late E. C. Prince, and this controversy hinges upon the construction of that will.

The material provision of said will reads: "I hereby leave everything I possess to my mother Mrs. D. J. Prince for her life time, and at her death I leave everything I have to my Brothers and Sisters, and my nephew Rufus Prince Satterfield for their life and then to their children."

According to the facts agreed at the time of the death of the aforesaid E. C. Prince, he left surviving Mrs. D. J. Prince, his mother, two sisters, Frances Pate and Naomi P. Early, three brothers, David M. Prince, A. C. Prince and Chester H. Prince, and the nephew, Rufus Prince Satterfield; that Mrs. D. J. Prince, Frances Pate, David M. Prince, A. C. Prince and Rufus Prince Satterfield are dead; that each of the aforesaid sister, brothers and the nephew who have died, left children; that the aforesaid Naomi Early, a living sister, has children; that the plaintiffs, Chester H. Prince, age 62, and his wife, age 55, have no children.

His Honor was of the opinion that upon the facts agreed the plaintiffs could not convey a good and indefeasible title to the property involved and rendered judgment against the plaintiffs. In this judgment we concur.

While it is true, according to the facts agreed, that no children have been born to the plaintiffs, and it may be thought that in all probability none will be born to them, since the male plaintiff is 62 years of age and the *feme* plaintiff is 55 years of age, "this is a prophecy which the law values but little. The law presumes that children may be born to a married couple as long as that relation continues to exist, it matters not how old either or both may be." *Shuford v. Brady,* 169 N. C., 224, 85 S. E., 303. In case children are born to the plaintiffs then the fee is devised to said children at the expiration of the life estate of their parents. Upon such contingency happening the fee would not vest in the plaintiffs.

It is thus made plain that the plaintiffs did not take a fee simple title to the property involved under the will of E. C. Prince, but only a life estate therein. Therefore, the deed executed by the plaintiffs would not estop the remainderman from asserting title to said land after the death of the life tenants.

Upon the record we are of the opinion that the plaintiffs cannot make a good and indefeasible title to the property contracted to be sold to the defendants, and, therefore, the judgment of the Superior Court is

Affirmed.