SECURITY NATIONAL BANK OF GREENSBORO, In Its Own Right, and as Trustee Under the Will of CLAUDE KISER, Deceased, v. JEAN KISER HANNAH, MARTHA JEAN HANNAH, JAMES HUNT HANNAH, III, a Minor, MAMIE ANN HANNAH, a Minor, RICHARD M. KISER, and All Persons Not in Esse Who May Take Under the Will of CLAUDE KISER.

(Filed 18 May, 1960.)

**1. Wills § 31—**
The objective of testamentary construction is to effectuate the intent of testator as ascertained from the four corners of the will.

**2. Evidence § 4: Wills § 34a—**
The law presumes that the possibility of issue is not extinct until death.

**3. Wills § 33d— Trust in this case held to terminate upon the majority of the youngest grandchild living at time of testator's death.**
The will in suit set up a trust estate with provision that each of testator's two children should receive from the income a small amount per month, with provision for emergency medical care and aid in educating their children, and for the distribution of the *corpus* of the estate to each of the children equally when the youngest living grandchild should attain the age of twenty-one, with further provision for payment of a portion of the *corpus* to testator's grandchildren only in the event of the death of a child prior to the termination of the trust. *Held:* It being apparent from the instrument construed as a whole that testator's children were the primary objects of his bounty, the trust terminates when the youngest grandchild living at the time of the testator's death reaches the age of twenty-one, since if the trust should not terminate until the youngest grandchild of testator, whenever born, reaches the age of twenty-one, the children of testator could not participate at all in the *corpus* of the trust and the intent of testator to make them the primary objects of his bounty would be defeated.

**4. Wills § 34a—**
A will is to be construed in favor of those who are the natural or special objects of testator's bounty.

APPEAL by defendants, Martha Jean Hannah and E. D. Kuykendall, Jr., Guardian *ad litem* for James Hunt Hannah, III, and Mamie Ann Hannah, minors, and persons not *in esse*, from *Preyer, J.*, March 14, 1960, Regular Civil Term, of GUILFORD (Greensboro Division).

This is a proceeding pursuant to the Declaratory Judgment Act, G.S. 1-253 *et seq.*, for construction of provisions of the will of Claude Kiser, particularly of paragraph 12, Item Fifth. Claude Kiser died 1 May 1952. His will is dated 9 September 1948 and was admitted to probate in Guilford County on 8 May 1952.

In brief summary, the will provided gifts as follows:

Certain items of personal property to testator's wife and his chil-

dren, Jean Kiser Hannah and Richard M. Kiser; a house and lot to Jean Kiser Hannah; the residue of testator's estate to the Security National Bank of Greensboro in trust.

The more valuable assets of the trust consisted of 580 shares of stock (the majority) in the South Atlantic Lumber Company, 1325 shares of stock of the Bank of Greensboro; and 200 shares of stock of E. L. Kiser Estate, Inc. Provision was made for sale of all these stocks.

From the trust property the wife was given an amount equivalent to what she would have received had testator died intestate. A sister-in-law of testator was given $5,000.00. It was provided that the children, Jean Kiser Hannah and Richard M. Kiser, should each be paid by the trustee the sum of $50.00 per month during the existence of the trust, and in the event of the death of Jean K. Hannah before the termination of the trust the sum of $50.00 per month should "be continued to the guardian of her children." It was further provided that the trustee should pay the college expenses of testator's grand-children not to exceed $1,000.00 per year for each grandchild. Trustee was directed, in case of emergencies, to supply the needs of any child or grandchild for medical care.

Paragraph 12 of Item Fifth is as follows:

"When my youngest living grandchild becomes twenty-one years of age, the trust property then in the hands of the Trustee shall be distributed. Except for the devise of the house and lot known as 1503 Northfield Street, Greensboro, North Carolina, to my daughter, Jean K. Hannah, as set out in Article FOURTH hereof, it is my desire that my daughter, Jean K. Hannah, and my son, Richard M. Kiser, shall share equally in my estate. I therefore direct that a computation be made of all amounts paid out under Article FIFTH paragraphs 10 and 11 of this will to or for the benefit of Jean K. Hannah and her children and that a similar computation be made of all amounts paid out under the same provisions of this will to or for the benefit of Richard M. Kiser and any children that may be born to him. Out of the trust property on hand at the time my youngest living grandchild becomes twenty-one years of age, the Trustee shall first equalize the amounts paid out to or for the benefit of each of my said children and/or their children, adding any balance that may be due either of my children to his or her equal share in the remainder. Said shares shall then be paid over to each of my said children, if living, and if not living the share of each shall be paid, in equal shares, to his or her surviving children, and to the children of any of his or her deceased children, per stirpes. If either my said

daughter or my said son shall not be living, and shall leave no surviving children or grandchildren, then his or her share shall be paid to the other of them, if living, and if not living, then in equal shares to such other's surviving children, and to the children of any of his or her deceased children, per stirpes. Upon such distribution being made, the trust shall terminate. I hereby state that my two children, Jean K. Hannah and Richard M. Kiser, are adopted children, but for the purpose of this will, they are children of mine, and their children are my grandchildren."

Testator left surviving the two adopted children, Jean Kiser Hannah and Richard M. Kiser. At the time of his death the former was 34 years of age, and the latter 28. At the time of the institution of this proceeding Richard M. Kiser was 36 years of age, had no children and had never been married. At the time of testator's death Jean Kiser Hannah had three children, Martha Jean Hannah, age 14, James Hunt Hannah, III, age 13, and Mamie Ann Hannah, age 11. At the time of the execution of the will they were, and they still are, the only grandchildren of testator. Martha Jean Hannah has now reached her majority; James Hunt Hannah, III, will be twenty-one on 20 December 1960; and Mamie Ann Hannah will be twenty-one on 2 June 1962.

The present value of the trust property is approximately $350,000.00.

Upon the foregoing stipulated facts the court entered judgment, in pertinent part, as follows:

". . . IT IS ORDERED, ADJUDGED AND DECREED:

"1. That the residuary trust established in the will of Claude Kiser, Deceased, shall terminate on June 2, 1962, the date upon which Mamie Ann Hannah, the youngest grandchild of Claude Kiser, Deceased, living upon the date of his death, will attain the age of twenty-one years; that if the said Mamie Ann Hannah should die before said date, the date upon which James Hunt Hannah, III, the next youngest grandchild living at the time of the death of Claude Kiser, will become twenty-one years of age, or on the date of death of Mamie Ann Hannah, if said date is after December 20, 1960, and before June 2, 1962; and that if both Mamie Ann Hannah and James Hunt Hannah, III, should die prior to attaining the age of twenty-one years, respectively, then the trust shall terminate upon the date of death of the survivor of the said Mamie Ann Hannah and James Hunt Hannah, III, inasmuch as Martha Jean Hannah, the only other grandchild of Claude Kiser, Deceased, living at the time of his death, is already twenty-one years of age."

The grandchildren and guardian *ad litem* appealed and assigned error.

*York, Boyd & Flynn for plaintiff, appellee.*
*Cooke & Cooke for defendants Jean Kiser Hannah and Richard M. Kiser, appellees.*
*E. D. Kuykendall, Jr., as Guardian Ad Litem and for Martha Jean Hannah, defendant appellants.*

MOORE, J.  The time of termination of the trust is the sole question for decision on this appeal. The solution depends upon the proper interpretation of the first sentence in paragraph 12, Item Fifth, of the will, which reads as follows: "When my youngest living grandchild becomes twenty-one years of age, the trust property then in the hands of the trustee shall be distributed."

Appellees maintain that the trust terminates when the youngest grandchild of testator living at the time of his death reaches the age of twenty-one. On the other hand, appellants contend that the trust continues until the youngest grandchild, whenever born, reaches the age of twenty-one years.

The controlling objective of testamentary construction is the intent of the testator. *Trust Co. v. Schneider,* 235 N.C. 446, 451, 70 S. E. 2d 578. This intent is ordinarily to be ascertained from an examination of the will from its four corners. *Bullock v. Bullock,* 251 N.C. 559, 563-4, 111 S.E. 2d 837.

From an examination of the will as a whole, it is evident that testator's wife and children were the primary objects of his bounty. The portion of the will involved here makes no direct gift to grandchildren or to any person other than testator's children. The sentence quoted above is only a "measuring rod" for determination of the duration of the trust.

The possibility that Richard M. Kiser will have issue and that Jean Kiser Hannah will have other child or children will continue to exist so long as they live. The law presumes that the possibility of issue is not extinct until death. *McPherson v. Bank,* 240 N.C. 1, 9, 81 S.E. 2d 386. Therefore, if the contention of appellants is correct, the trust must continue and the trust property may not be distributed until after the death of both of testator's children. Either or both may be survived by a child or children of tender years. In such case the property could not be distributed until the youngest of them arrives at the age of twenty-one. The construction urged by appellants would deprive testator's children of all except a small portion of the gift.

They would each realize $50.00 per month for life, emergency help in case of illness and assistance in the college education of their children. When we consider that the trust property has a present value of approximately $350,000.00, it is apparent that testator's children would scarcely receive even the income from the trust estate.

We do not agree that such result is in accord with testator's intention. He declares in Item Fifth, paragraph 12, ". . . it is my desire that my daughter, Jean K. Hannah, and my son, Richard M. Kiser, shall share equally in my estate." Directions are then given to the trustee for arriving at and making an equal distribution between them of the *entire trust property* at the termination of the trust. This language is used: "Said share shall then (after computation so as to arrive at equality) be paid over to each of my said children . . ." (Parentheses ours). The further provision that the shares be paid to testator's children, "if living," shows that the testator did not intend that the termination of the trust await the death of both of his children. It seems clear that testator intended to give the trust property to Jean and Richard.

It is true that the trustee is directed, in arriving at an equal division between Jean and Richard, to take into consideration ". . . all amounts paid out . . . to or for the benefit of Richard M. Kiser and any children that may be born to him." But this relates solely to the accounting for the purposes of distribution at the termination of the trust. References to the possibility that children may be born to Richard have no relation to the duration of the trust. The provisions for "college education" and expenses for "emergency" illness of testator's grandchildren have no significance on the question of duration of the trust, for the amounts expended by the trustee for these purposes are to be charged to the respective parents of the grandchildren so benefited in the final distribution of the trust property. These provisions are direct gifts to Jean and Richard and only indirect gifts to the grandchildren. Testator unquestionably assumed that his children would take primary responsibility for the needs of the grandchildren. The measures provided for in the will were to aid the parents pending the distribution of the trust property. It is suggested that the very fact the trust was created indicates an intention on the part of the testator to provide for all grandchildren whenever born. We do not agree. It is apparent that the purpose of the trust was to give ample time for a competent and orderly liquidation of the assets of the estate. Testator gave detailed instructions for the disposition of the corporate stocks owned by him. Compliance with these instructions requires time, negotiation and deliberate action.

We think the phrase "youngest living grandchild" in the sentence first quoted in this opinion means the youngest grandchild living at testator's death. The provisions of the will we are asked to construe do not seem to us to be ambiguous or subject to more than one interpretation, but, if they are, we feel compelled to adopt the interpretation already indicated. "A man's widow and his children are the primary objects of his bounty. *In re Crozer's Estate,* 336 Pa. 266, 9 A. 2d 535. In the absence of a manifest intention to the contrary, a will is to be construed in favor of beneficiaries appearing to be the natural or special object of testator's bounty." *Coffield v. Peele,* 246 N.C. 661, 666, 100 S.E. 2d 45.

It is unnecessary on this appeal to decide whether or not the bequests to testator's children of shares in the trust property constitute vested or contingent estates.

Appellants did not challenge in their brief or in the argument here the provisions of the judgment below for possible acceleration of the termination of the trust. We therefore express no legal opinion with respect thereto.

The judgment of the trial court in its entirety is
Affirmed.