ALAIN C. DE LOTBINIERE (ALSO KNOWN AS EDMOND JOLY DE LOTBINIERE, AND CORRECTLY DESIGNATED AS ALAIN CHARTIER EDMOND JOLY DE LOTBINIERE), MARY DE LOTBINIERE MACKAY, MADELEINE DE LOTBINIERE WIDAWSKA, RICHARD C. TEMPLE, ANTHONY TEMPLE, AND MARY AGNES DE LOTBINIERE, PETITIONERS, v. WACHOVIA BANK AND TRUST COMPANY, TRUSTEE UNDER THE WILL OF W. J. SLAYDEN, ALAIN CHARTIER JOLY DE LOTBINIERE, MICHEL BENOIT JOLY DE LOTBINIERE, PAULINE LUCY JOLY DE LOTBINIERE, CHRISTINE AGNES JOLY DE LOTBINIERE, ROBERT ALAIN MACKAY, BRADLEY MACKAY, DEBORAH MACKAY, PETER ANDREW MACKAY, SUZANNE MACKAY, ANDREW MACKAY, MARGARET DIANNA MACKAY, MARY AGNES MACKAY, LUCY DEGREMONT, PAULINE DEGREMONT, PHILIPPE DAVID DEGREMONT, LUCY MARTHA TEMPLE AND THE UNBORN ISSUE OF MARY AGNES DE LOTBINIERE, AND JOHN S. STEVENS, GUARDIAN AD LITEM FOR ALL MINOR RESPONDENTS NAMED IN THIS ACTION AND FOR ALL UNBORN ISSUE OF MARY AGNES DE LOTBINIERE, RESPONDENTS

No. 68SC225

(Filed 18 September 1968)

**1. Constitutional Law § 23—    legislation affecting vested rights**

While the legislature may not destroy or interfere with vested rights, it may enact valid retroactive legislation affecting only expectant or contingent interests.

---

DE LOTBINIERE *v.* TRUST CO.

---

2. **Infants § 6; Judgments § 36; Wills § 73— construction of will — unborn beneficiaries — guardian ad litem — retroactive effect of G.S. 1-65.2 — res judicata — parties concluded**

Testator's will provided that a specified annuity be paid to his daughter during her life, that at the daughter's death the estate be held in trust for her issue, that the income be paid to such issue during their minority, and that the entire estate be paid to the daughter's issue *per stirpes* upon their majority. In a 1936 action in which the unborn issue of testator's daughter and the unborn issue of the daughter's children were represented by a guardian *ad litem*, it was declared that the children of testator's daughter have a vested interest in the accumulated income of the trust estate. *Held:* The enactment in 1955 of G.S. 1-65.2, which authorizes the appointment of a guardian *ad litem* for unborn persons in actions involving wills and trusts, and G.S. 1-65.4, which gives such authorization retroactive effect, validated the appearance in the 1936 proceedings by the guardian *ad litem* in behalf of the minor and unborn issue of the children of the testator's daughter, whose interest in the estate is merely contingent, but did not validate his appearance in behalf of unborn issue of the testator's daughter, who have a vested interest in the estate, nor were such unborn issue before the court by virtual representation; therefore, the 1936 judgment is *res judicata* as to the minor and unborn issue of the children of testator's daughter but not as to the unborn issue of testator's daughter.

3. **Judgments § 36— no appeal from erroneous judgment — parties concluded**

Where no appeal is taken from a judgment entered in an action in which minor and contingent beneficiaries of an estate are represented by a guardian ad litem, such beneficiaries are bound by the judgment even though it may be erroneous.

4. **Evidence § 4— presumption of possibility of issue**

It is presumed that a person may have issue as long as he lives.

5. **Trusts § 8; Wills § 35— distribution of income to those having vested right thereto**

No abuse of discretion is shown by the court's order increasing monthly payments from the estate income and distributing a portion of the accumulated income to beneficiaries having a vested interest in the accumulated and future income of the estate.

APPEAL by minor respondents and unborn issue of Mary Agnes de Lotbiniere through their Guardian *Ad Litem* from *Martin, Harry C., J.,* 19 February 1968 Regular Term of BUNCOMBE Superior Court.

W. J. Slayden died on 30 September 1918, a resident of Buncombe County, leaving a last will and testament which was duly admitted to probate. The estate has been fully administered, and all of the specific and annuity bequests under the will have been satisfied with the exception of an annuity created under the second section of Item Tenth as follows: "Out of income derived from my estate,

my trustee shall pay to my daughter, Mary Agnes de Lotbiniere, of Montreal, Canada, the sum of Two Hundred and Fifty ($250) Dollars per month during the term of her natural life." The residue of the estate was disposed of by the fifth section of Item Tenth as follows: "All the rest and residue of my estate, including lapsed legacies, if any, shall at the death of my daughter, Mary Agnes de Lotbiniere, be held in trust for her issue and the income therefrom shall be paid to such issue or to their guardian for their use during their minority and upon the coming of age of such issue said trustee shall pay my entire estate so held in trust to said issue as (sic) my daughter per stirpes and not per capita."

On 24 July 1936 a judgment was entered in a proceeding instituted by Madeleine de Lotbiniere, Lucy de Lotbiniere, Mary Agnes de Lotbiniere, Alain C. de Lotbiniere, the last two by their guardian, C. S. Davis, and Mary Agnes de Lotbiniere, wife of Alain J. de Lotbiniere, plaintiffs, against Wachovia Bank and Trust Company, Trustee under the will of W. J. Slayden, and Julius Martin, II, guardian *ad litem* for the unborn issue of the plaintiffs and each of them. Plaintiffs were Mary Agnes de Lotbiniere, daughter of testator, and her children. Among the findings of fact made by the court were these:

"3.   That the plaintiffs and each of them are bound by the construction of the Last Will and Testament of W. J. Slayden, Deceased, given in the Judgment rendered in the case of Madeline de Lotbiniere, Lucy de Lotbiniere and Mary Agnes de Lotbiniere, by their next friend C. S. Davis, Versus the Wachovia Bank & Trust Company, Executor and Trustee under the Will of W. J. Slayden, Deceased, begun in the Superior Court of Buncombe County, North Carolina, by the issuing of a Summons dated the 12th day of November, 1921, which judgment was rendered at the June Term, 1922 of this Court by his Honor T. J. Shaw, Judge of the Superior Court, the record of which has been exhibited to this Court and examined by it, and the Court finds that the construction of said Will made in said Judgment is res adjudicata (sic) as to said plaintiffs and the Court, therefore, denies any relief to the plaintiffs based on their contention that they are entitled, under said Will, as a matter of law, to receive all of the income of the Estate of W. J. Slayden, Deceased, not necessary to pay taxes, expenses of administration and to pay the annuities provided by the Will of said W. J. Slayden. This holding, however, shall not be construed to affect or impair the right and power of the Court, in its discretion, to make the allowances hereinafter set out.

4. The Court further finds and holds that by virtue of the Last Will and Testament of W. J. Slayden, Deceased, and by virtue of the proceedings and judgments heretofore rendered in the several proceedings hereinbefore referred to, the plaintiffs, Madeline de Lotbiniere, Lucy de Lotbiniere, Mary Agnes de Lotbiniere and Alain C. de Lotbiniere, children of Mary Agnes de Lotbiniere and grandchildren of W. J. Slayden, Deceased, are entitled, and each of them is entitled, to a vested interest in the net income heretofore accumulated and hereafter to accumulate in the Estate of W. J. Slayden, Deceased."

The court further found: ". . . that the children of the said Alain J. de Lotbiniere and Mary Agnes de Lotbiniere, plaintiffs herein, in the event they survive their said Mother and the other legatee, Alice Lummus, mentioned in said Will, and in the event said Mary Agnes de Lotbiniere has no other children born to her, will be the sole owners of the entire amount of said estate, including corpus and income; . . ."

Upon the evidence the court found as facts that the plaintiffs had no income from property belonging to them, were not trained to follow any occupation, would be entirely dependent upon their parents if deprived of the allowances previously made for them by the court, that their father for several years had been unable to provide for them because of circumstances which had arisen since the death of testator not foreseen or expected by him, that at the time of the making of the will testator acted on the belief and assumption that his daughter's husband would have a large permanent income more than sufficient to support and maintain his family. Upon the facts found, the court ordered the trustee to pay to each of the children of Mary Agnes de Lotbiniere $2200.00 annually.

Plaintiffs excepted to that portion of the judgment set out in paragraph 3, and gave notice of appeal but did not perfect their appeal. No exception was taken by the trustee or the guardian *ad litem*.

On 29 April 1952, Lucy de Lotbiniere Wood died, and on 10 April 1954, by judgment entered upon petition in the cause, Richard Temple and Anthony Temple, minor children of Lucy de Lotbiniere Wood were adjudged entitled to represent their mother, *per stirpes*, and be paid by the trustee the $2200.00 annually which their mother would have received.

On 9 October 1967, a petition was filed by Mary Agnes de Lotbiniere, her children, Alain C. de Lotbiniere, Mary de Lotbiniere MacKay, and Madeline de Lotbiniere Widawska; and Richard C.

Temple and Anthony Temple, children of Lucy de Lotbiniere Wood, deceased daughter of Mary Agnes de Lotbiniere, against Wachovia Bank & Trust Company, Trustee; the grandchildren of Mary Agnes de Lotbiniere, and John S. Stevens, Guardian *Ad Litem* for all minor respondents and for all unborn issue of Mary Agnes de Lotbiniere. The petition alleged, in its pertinent portions, the 1936 judgment adjudging that the plaintiffs in that action (the same as the plaintiffs here) are entitled to a vested interest in the net income heretofore accumulated and hereafter to accumulate in the estate of W. J. Slayden, the 1954 judgment substituting Richard and Anthony Temple to receive their mother's share of the income, that the trust estate amounted to more than $800,000.00 and produced a gross annual income in excess of $38,000.00, that due to changed conditions, the petitioners were in need of additional funds from the income of the trust for their maintenance and support.

Answer was filed by the trustee admitting the factual allegations of the petition. None of the adult respondents filed answer. The guardian *ad litem* filed answer denying that plaintiffs have a vested interest in the income and denying allegations of need for additional income on the part of the children of Mary Agnes de Lotbiniere. By his further answer, he alleged the minors in this action and all unborn issue of Mary Agnes de Lotbiniere were not parties to prior actions and not bound by prior judgments; that to pay to petitioners all or part of the income and increase payments to Mary Agnes de Lotbiniere, would be contrary to the express terms of the will; and the court is without authority to make any additional payments.

The parties waived trial by jury and agreed that the court would make all findings of fact and conclusions of law.

Judgment was entered finding as facts that: The parties plaintiff in the 1936 judgment are, in practical effect, the same persons as petitioners in this suit; that the parties defendant in the 1936 suit are, in practical effect, the same parties as respondents in this suit; that no appeal from the 1936 judgment was perfected and that judgment constitutes a final judgment in the 1936 case; that the trust estate amounts to approximately $950,000.00, with accumulated income of $150,000.00, and annual income of $39,000.00; that Mary Agnes de Lotbiniere, now 79 years of age, is in acute need of additional income to support herself and to attend to her medical and physical needs; that her children, together with Richard and Anthony Temple, are the only persons having a vested interest in the income of the estate and are in need of funds. The conclusions of law were as follows:

"1. Under the provisions of paragraph TENTH, sub-paragraph

(5) of the will of W. J. Slayden, and pursuant to the JUDGMENT of July 24, 1936 signed by the Honorable F. Donald Phillips, the petitioners Alain C. de Lotbiniere (also known as Edmond Joly de Lotbiniere), Mary de Lotbiniere MacKay, Madeleine de Lotbiniere Widawska, Richard C. Temple and Anthony Temple (the last two petitioners taking through their mother, Lucy de Lotbiniere) each have a vested interest in the net income heretofore accumulated and hereafter to accumulate in the estate of W. J. Slayden.

2. That the aforesaid judgment signed by the Honorable F. Donald Phillips on July 24, 1936, as well as other determinations made by the Court in matters pertaining to the will of W. J. Slayden, constitute res judicata as to the rights of the parties in the accumulated and future income of the W. J. Slayden estate.

3. The court, in its equitable jurisdiction, has the power to authorize a distribution of all or a part of the income accumulated in the estate of W. J. Slayden to, or for the benefit of, the persons entitled thereto and to authorize future distributions of such income to the parties with a vested interest therein."

Thereupon the court ordered the present distribution of $60,000.00 of accumulated income ratably to petitioners, the payment of $600.00 per month to Mary Agnes de Lotbiniere, the payment of $300.00 monthly to each of her children, and $150.00 per month to each of Richard and Anthony Temple.

From the entry of the judgment, the guardian *ad litem* appealed, assigning as error the findings of fact and conclusions of law set out above.

*John S. Stevens, Guardian Ad Litem for the minor respondents and all the unborn issue of Mary Agnes de Lotbiniere, appellants.*

*Womble, Carlyle, Sandridge & Rice by W. P. Sandridge, Jr. for Mary Agnes de Lotbiniere, appellee.*

*Van Winkle, Buck, Wall, Starnes and Hyde by Roy W. Davis, Jr. for respondent, Wachovia Bank and Trust Company, Trustee.*

MORRIS, J.

Two questions are presented by this appeal: (1) Is the 1936 judgment, adjudging that the children of Mary Agnes de Lotbiniere together with Richard and Anthony Temple, have a vested interest in the estate of W. J. Slayden, valid and binding upon the minor

respondents and all unborn issue of Mary Agnes de Lotbiniere? and (2) Did the court err in making distribution of income?

[2]     The guardian *ad litem* strenuously contends that present minor and possible unborn respondents were not before the court in the 1936 action by reason of the appointment of a guardian *ad litem* and are not bound by any judgment entered in that action. He further contends that this is not cured by G.S. 1-65.1, and G.S. 1-65.2, and G.S. 1-65.4, providing for the appointment of guardians *ad litem* for minors and possible unborn persons, for that to make these provisions retroactive would constitute a deprivation of the property of the minors and possible unborn persons without due process of law.

G.S. 1-65.2 provides:

"In all actions and special proceedings in rem and quasi in rem and in all actions and special proceedings which involve the construction of wills, trusts and contracts or any instrument in writing, or which involve the determination of the ownership of property or the distribution of property, if there is a possibility that some person may thereafter be born who, if then living, would be a necessary or proper party to such action or special proceeding, the court in which said action or special proceeding is pending, upon motion of any of the parties, may appoint some discreet person to act as guardian ad litem, to defend on behalf of such unborn person. No prior service of summons or other process upon such unborn person shall be required, and service upon the guardian ad litem appointed for such unborn person shall have the same force and effect as service upon such unborn person would have had if such person had been living. All proceedings by and against the said guardian ad litem after appointment shall be governed by all provisions of the law applicable to guardians ad litem for living persons."

G.S. 1-65.4 provides:

"The remedies provided by §§ 1-65.1 to 1-65.3 are in addition to any other remedies authorized or permitted by law, and they shall not be construed to repeal or to limit the doctrine of virtual representation or any other law or rule of law by which unborn persons or nonexistent corporations, trusts or other entities may be represented in or bound by any judgment or order entered in any action or special proceeding. Sections 1-65.1 to 1-65.3 shall apply to all pending actions and special proceedings to which they may be constitutionally applicable. All judgments and orders heretofore entered in any action or special

proceeding in which a guardian or guardians ad litem have been appointed for any unborn person or persons or any nonexistent corporations, trust or other entities, are hereby validated as of the several dates of entry thereof in the same manner and to the full extent that they would have been valid if §§ 1-65.1 to 1-65.3 had been in effect at the time of the appointment of such guardians ad litem; provided, however, that the provisions of this sentence shall be applicable only in such cases and to the extent to which the application thereof shall not be prevented by any constitutional limitation."

In *McPherson v. Bank,* 240 N.C. 1, 81 S.E. 2d 386, before the Supreme Court in 1954, trustor and his children, primary beneficiaries of a trust, brought an action against the trustee, minor grandchildren of trustor, and all other persons *in esse* or not in being "who are now or might by any contingency become beneficiaries of or entitled to any right, title, or interest in" the trust estate. A guardian *ad litem* was appointed to represent the minor grandchildren and "all other persons, . . . *in esse* or not in being, who are now or might by any contingency become beneficiaries" of the trust. The trial court entered judgment allowing the amendment requested. The guardian *ad litem* appealed. The opinion, Johnson, J., speaking for the Court, cast considerable doubt upon the legality of the practice of having a guardian *ad litem* appointed to defend and represent infants *in posse* who might have an interest in the trust estate. The Court noted that the guardian *ad litem* had limited his representation to the grandchildren to the exclusion of possible unborn children of trustor and said:

"Indeed, no such direct representation by guardian *ad litem* is sanctioned by law. The rule is that, in the absence of statute, the capacity to be sued exists only in persons in being. (citations) With us, in the absence of statute, an unborn infant cannot be made a defendant in an action and be represented by a guardian *ad litem. Deal v. Sexton,* 144 N.C. 157, 56 S.E. 691. No statute has been called to our attention, and our investigation discloses none, authorizing the joinder of possible unborn children in an action like this one."

The Court noted that G.S. 41-11.1 appeared to be limited to actions involving the mortgage, sale, or lease of property. For the reasons given, the Court held that the judgment rendered was inconclusive as to the interests of possible unborn children of trustor.

G.S. 1-65.1 through G.S. 1-65.4 were enacted by the 1955 General Assembly. Appellant argues that the defect, if any there was,

is not cured by legislative enactment, because to make G.S. 1-65.1 retroactive, as provided by G.S. 1-65.4, thus making minor and unborn respondents bound by the 1936 judgment, would be unconstitutionally to diminish the estate which would ultimately go to them. Appellant relies on *Trust Co. v. Andrews*, 264 N.C. 531, 142 S.E. 2d 182. We do not agree that that case is controlling. There the sole question before the Court was whether certain adopted children were beneficiaries along with natural children of the trust estate. The statute in question was G.S. 48-23, which had been rewritten since the death of the testator and gave to adopted children the same legal status as if they were born the legitimate children of the adoptive parents. The guardian *ad litem* for the adopted children did not argue that the statute divested vested rights, but argued that it created a presumption that the words "great niece" and "great nephew" were understood by testator to include both natural born and adpted children. The Court held that the statute clearly stated it had no application where the terms of the instrument made it plainly apparent that the maker had a contrary intent, and the testator, by the language of his will, clearly expressed the intent to exclude adopted children from the trust he created by his will.

[1]     Here the appellant does not contend that the minor and unborn children (grandchildren of Mary Agnes de Lotbiniere) represented by a guardian *ad litem* in the 1936 action had any vested interest in the trust estate. It is, of course, conceded that the Legislature may not constitutionally destroy or interfere with vested rights, but it may enact valid retroactive legislation affecting only expectant or contingent interests. *Anderson v. Wilkins*, 142 N.C. 153, 55 S.E. 272; *Springs v. Scott*, 132 N.C. 548, 44 S.E. 116. The *Springs* case discussed the constitutionality of retroactive application of Chapter 99, Laws 1903 (now G.S. 41-11). There a special proceedings had been instituted for the sale for partition of lands devised under the will of Julia Springs. The will provided that Alva Springs should share equally with the rest of the children "but he can only receive the interest during his life; at his death the interest will be paid to his children until they are of age, and if no children or heirs of his body, it must be equally divided among his brothers and sisters or their heirs. I appoint Eli Springs his trustee." The trustee was a party. Alva Springs, at the time of the proceedings, had no children. The defendants objected on the ground that it could not be known who the heirs would be, who would be entitled to take at the death of Alva C. Springs and those heirs were not parties. The Court held that the judgment of the superior court affirming the clerk's order of sale was correct for that all persons either *in esse* or *in posse* were

bound by reason of the fact that the trustee was a party and authorized to represent all parties in interest and further that the statute was constitutional and applicable retroactively since the interests of those not in being were not vested.

[2] We are of the opinion and so hold that any defect in the 1936 proceedings by reason of the appointment of a guardian *ad litem* was cured by the enactment of G.S. 1-65.2 through G.S. 1-65.4 and that the minor and unborn respondents, grandchildren of Mary Agnes de Lotbiniere, are bound by the terms of the judgment entered.

[3] But the appellant also contends that the 1936 judgment was void because erroneous in that it was inconsistent in its provisions. Appellant argues that in finding of fact No. 4 the court found that the children of Mary Agnes de Lotbiniere have a vested interest in the income heretofore accumulated and hereafter to accumulate and by a portion of finding of fact No. 5, "in the event said Mary Agnes de Lotbiniere has no other children born to her, will be the sole owners of the entire amount of said estate, including corpus and income," states their interest is contingent. We find no inconsistency. The court clearly states that the children, plaintiffs in the action, have a vested interest in the income and if no other children are born to their mother, will at death own the entire estate. This merely reaffirms the vested interest in income and points out a contingent interest in the corpus. However, even should it be conceded that the judgment was erroneous, it is not void and the parties are bound by it. No appeal was taken and the interests of the unborn and minor respondents, grandchildren of Mary Agnes de Lotbiniere, are not vested. *Smathers v. Insurance Co.,* 211 N.C. 345, 190 S.E. 229.

[4] We are not inadvertent to the legal presumption of the possibility of Mary Agnes de Lotbiniere's having other children. *Hicks v. Hicks,* 259 N.C. 387, 130 S.E. 2d 666. The evidence was that at the time of the hearing she was 79 years of age and not in good health. The record shows that in no order thus far entered has there been a direction to the trustee to pay out all of the annual income of the trust nor all of the accumulated income of the trust.

[2] As we have already noted, the Legislature may not constitutionally destroy or interfere with vested rights. This being true, the enactment of G.S. 1-65.2 through G.S. 1-65.4 does not have the effect of making the 1936 judgment binding on the children of Mary Agnes de Lotbiniere not *in esse.* Under the facts of this case, we do not think the doctrine of virtual representation can be applied to bring them before the court and thus make them bound by the judgment. *McPherson v. Bank, supra.* We, therefore, are constrained to hold

that as to the unborn children of Mary Agnes de Lotbiniere the 1936 judgment is not *res judicata.*

[5]    The appellant's remaining assignments of error are addressed to the court's ordering increased payments of income and a present distribution of accumulated income. The findings of fact with respect to the size of the trust estate, accumulated income, annual income, needs of the beneficiaries, their changed circumstances, are all amply supported by the evidence. We find no abuse of discretion.

For the reasons stated herein, this matter is remanded for the entry of judgment providing that the unborn children of Mary Agnes de Lotbiniere are not bound by the 1936 judgment and directing that sufficient income shall be retained to enable the trustee to make pro rata payments of income to or for the benefit of any child or children of Mary Agnes de Lotbiniere who might hereafter be born.

Error and remanded.

CAMPBELL and BRITT, JJ., concur.